TERESA A. BLASBERG - State Bar No. 105473
BLASBERG & ASSOCIATES
526 N. Juanita Ave
Los Angeles, CA 90004
Telephone (213)239-0364
Fax: (323) 661-2940

Attorneys for Alicia D. Dwyer

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ALICIA D. DWYER,<br><br>      Debtor | Case No.  9:11-bk-14872-RR<br><br>In a Case Under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.)<br><br>**SECOND AMENDED CHAPTER 11 PLAN**<br><br>**Disclosure Statement Hearing**<br><br>Date:  November 14, 2012<br>Time:  11:00 a.m.<br>Ctrm:  201<br>      1415 State Street<br>      Santa Barbara, CA 93101-2511<br><br>**Plan Confirmation Hearing**<br>**See Disclosure Statement for**<br>**Voting and Objecting Procedures**<br><br>Date:<br>Time:<br>Ctrm:  201<br>      1415 State Street<br>      Santa Barbara, CA 93101-2511 |

**TABLE OF CONTENTS**

I.   **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS** . . . . . . 1
    A.   General Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B.   Unclassified Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        1.   Administrative Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
        2.   Priority Tax Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    C.   Classified Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        1.   Classes of Secured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
            a.   Unimpaired Secured Claim on the Debtor's Principal Residence . 2
            b.   Unimpaired Secured Claims on Other Real Property . . . . . . . . . 2
            c.   Impaired Secured Claims on Other Real Property . . . . . . . . . . . . 3
        2.   Classes of Priority Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . 4
        3.   Class of General Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . 5
        4.   Class of Interest Holder . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    D.   Means of Performing the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        1.   Funding for the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        2.   Post-Confirmation Management . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        3.   Disbursing Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. **TREATMENT OF MISCELLANEOUS ITEMS** . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    A.   Executory Contracts and Unexpired Leases . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B.   Changes in Rates Subject to Regulatory Commission
        Approval . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    C.   Retention of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.  **EFFECT OF CONFIRMATION OF PLAN** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    A.   Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    B.   Revesting of Property in the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    C.   Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    D.   Post-Confirmation Status Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    E.   Quarterly Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    F.   Post-Confirmation Conversion/Dismissal; Creditor Rights and Remedies . . . . 7
    G.   Final Decree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**I.**

**INTRODUCTION**

Alicia D. Dwyer is the Debtor in a Chapter 11 bankruptcy case. On February 2, 2011, the Debtor commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by the Debtor ("Plan Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement that provides additional information. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

This is a reorganizing plan. In other words, the Proponent seeks to accomplish payments under the Plan by making payments to creditors for a period of time. The Effective Date of the proposed Plan is the fourteenth (14th) day after entry of an order confirming the Plan.

**II.**

**CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

**A.    General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.    Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

**1.    Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 507(a)(1). The Code requires that all

administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

**2.    Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years from the date of the assessment of such tax. The Debtor has no Section 507(a)(8) priority tax claims.

**C.    Classified Claims and Interests**

**1.    Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate.    All classes containing Debtor's secured pre-petition claims and their treatment under this Plan are listed below.

    **a.    Unimpaired Secured Claim on the Debtor's Principal Residence**

    Class 1:    Secured claim of: Wells Fargo Bank, N.A., aka Wachovia Mortgage

                Property address: 145 S. Catalina Street, Ventura, CA 93001

                Priority of lien: First

                Total amount of allowed claim including arrearages: $497,807.03

                Regular monthly payment: $2,733.67

This claim is secured solely by the Debtor's principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular payments shall be made as they come due based on the governing loan documents, and the Plan does not alter the legal, equitable or contractual rights of the creditor. This claim is unimpaired and not entitled to vote on the Plan.

    **b.    Unimpaired Secured Claims on Other Real Property**

    Class 2:    Secured claim of: Citibank, N.A., as Trustee for American Home Mortgage

|   |   |   |
|---|---|---|
| 1 |   | Association Trust |
| 2 |   | Property address: 34, 36, 38 Santa Rosa Street, Ventura, CA 93001 |
| 3 | Class 3: | Secured claim of: BAC Home Loans Servicing LP |
| 4 |   | Property address: 1393 Church Street, Ventura, CA 93001 |

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan. The Debtor will not retain an interest in such properties and will surrender such collateral to the secured creditor not later than the Effective Date.

**c.    Impaired Secured Claims on Other Real Property**

The following classes include claims secured by a lien on real property in which the Debtor has an interest, other than the secured claims in Classes 1, 2 and 3. The secured portion of the following impaired classes shall be paid as set forth below. Ongoing payments shall be made as they come due in modified payments as described below. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 4. However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claims shall be treated as a secured claim notwithstanding §506(a).

Class 4:    Secured claim of: Wells Fargo Bank, N.A., aka Wachovia Mortgage

Property address: 3403-3405 Mississippi Street, San Diego, CA 92104

Priority of lien: First

Total amount of allowed claim as of 2/2/11: $533,693.11

Value of the collateral as of the Effective Date: $480,000

Regular monthly payment: $2,576.74

Interest rate: 5.0%

First payment date: 11/1/12

Final payment date: 1/14/2042

Treatment of this claim and the related lien shall be governed by the parties' stipulation subject to Court approval.

Class 5:    Secured claim of: Wells Fargo Bank, N.A., aka Wachovia Mortgage

Property address: 3583-3583 ½ Utah Street, San Diego, CA 92104

1                 Priority of lien: First

2                 Total amount of allowed claim as of 9/1/12: $352,246.20 (including arrearages)

4                 Value of collateral as of the Effective Date: $454,402

5                 Amount of arrearages as of 8/1/12: $110,432.00

6                 Regular monthly payment including arrearages: $1,890.93

7                 Interest rate: 5.0%

8                 First payment date: 9/1/12

9                 Final payment date: 1/1/2042

10               Treatment of this claim and the related lien shall be governed by the parties' stipulation approved by the Court on October 12, 2012.

12     Class 6:     Secured claim of: BAC Home Loans Servicing, LP

13                 Property address: 223, 225, 229, 231 San Clemente, Ventura, CA 93001

14                 Priority of lien: First

15                 Total amount of allowed claim as of 2/2/11: $946,512.51

16                 Value of the collateral as of the Effective Date: $650,000

17                 Total Payments:  986,554.80

18                 Regular monthly payment: $2,740.43

19                 Discount rate: 3.0%*

20                 First payment date: Effective Date

21                 Final payment date: 1/31/2043 (estimated)

22                 *The holder of the Class 6 claim has elected treatment of its claim under 11 U.S.C. §1111(b).

24     **2.**     **Classes of Priority Unsecured Claims**

25     Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim.  However, a class of unsecured priority claim holders may vote to

4

accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.  The Debtor has no priority unsecured claims.

### 3.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  Each member of this class shall be paid 100% of its claim over five years in equal monthly installments, due on tenth day of each calendar month without interest starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on the plan.  The total amount of claims in Class 7 is $214,349, including the unsecured deficiency claims of secured creditors who have not elected treatment of their claims pursuant to Section 1111(b) of the Code.

### 4.    Class of Interest Holders

Interest holders are the parties who hold and ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is an individual, the Debtor is the interest holder.  The Debtor will retain her property.  Class 8 is unimpaired and not entitled to vote on the plan.

## D.    Means of Performing the Plan

### 1.    Funding for the Plan

The Plan will be funded by the Debtor's net income from her real property and her corporation.

### 2.    Post-confirmation Management

The Debtor will continue to manage her property.

### 3.    Disbursing Agent

The Debtor shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

# III.

# TREATMENT OF MISCELLANEOUS ITEMS

## A.    Executory Contracts and Unexpired Leases

The Debtor is not a party to any executory contracts or unexpired leases.

5

**B.    Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.    Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

**IV.**

**EFFECT OF CONFIRMATION OF PLAN**

**A.    Discharge**

Upon payment in full of proposed plan payments, the Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C.§1141.

**B.    Revesting of Property in the Debtor**

Confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.    Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if proponent modifies the plan before confirmation. The Proponent of the Plan may also seek to modify the Plan at any time after confirmation but before the completion of payments under the plan, whether or not the plan has been substantially consummated, upon request of the debtor, the trustee, the United States trustee, or the holder of an allowed unsecured claim, to—(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; (2) extend or reduce the time period for such payments; or (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan.

**D.    Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, Plan Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall

be filed every 120 days and served on the same entities.

**E.     Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**F.     Post-Confirmation Conversion/Dismissal; Creditor Rights and Remedies**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

The Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under state law, and creditors may exercise their state law remedies for any such breach. To the extent a creditor retains a lien under the Plan, that creditor retains all rights an remedies provided by such lien under applicable non-Bankruptcy law.

**G.      Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponent, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: October 22, 2012        /s/Alicia D. Dwyer
_____
Signature of Plan Proponent

Alicia D. Dwyer
_____
Name of Plan Proponent

/s/Teresa A. Blasberg
_____
Signature of Attorney for Plan Proponent

Teresa A. Blasberg
_____
Name of Attorney for Plan Proponent

Blasberg & Associates
_____
Name of Law Firm for Plan Proponent

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

526 N. Juanita Ave, Los Angeles, CA 90004

A true and correct copy of the foregoing document entitled (*specify*): _____
 Second Amended Disclosure Statement Describing Second Amended Chapter 11 Plan_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/22/2012_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/23/2012 | Teresa A. Blasberg | /s/Teresa A. Blasberg |
|---|---|---|
| Date | Printed Name | Signature |

*Teresa A. Blasberg*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

NEF Service List

Greg P Campbell     ecfcacb@piteduncan.com
Evan M Daily    ecfcacb@piteduncan.com, edaily@piteduncan.com
Mark Domeyer    mdomeyer@mileslegal.com
Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
Arnold L Graff    ecfcacb@piteduncan.com
Christopher M McDermott    ecfcacb@piteduncan.com
Balpreet Thiara    ecfcacb@piteduncan.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
Gilbert B Weisman    notices@becket-lee.com

Mail Service List

Chambers of the Hon. Robin L. Riblit
United States Bankruptcy Court
1415 State Street
Santa Barbara, CA 93101-2511